Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Carlos Bacio, CA Bar No. 328466
carlos.bacio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant Airport Terminal Services, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSE MARTINEZ, an individual<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., A MISSOURI CORPORATION; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendant. | Case No. 8:20-cv-426<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Notice of Removal; Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Declaration of Brandy Wallace; declaration of Mark F. Lovell, and Notice of Related Cases]*<br><br>State Court<br>Action Filed:     December 30, 2019<br>Trial Date:       None Set<br>Judge:            TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Airport Terminal Services, Inc. ("Defendant"), hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff Jose Martinez ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Missouri; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

**I.    THE STATE COURT ACTION**

On or about December 30, 2019, Plaintiff filed an action against Defendant entitled "*Jose Martinez, an individual vs. Airport Terminal Services, Inc, et al*.," in Orange County Superior Court, Case Number 30-2019-01121035-CU-WT-CJC (the "Complaint"). A true and correct copy of the Summons; Complaint, Civil Case Cover Sheet; Clerk's Certificate of Mailing/Electronic Service; and Notice of Hearing, and all other documents served on Defendant, is attached hereto as **Exhibit "A."**

The Complaint asserts the following causes of action: (1) Discrimination in Violation of Gov't Code §§ 12940 *et seq*; (2) Retaliation in Violation of Gov't Code §§ 12940 *et seq.*; (3) Failure to Prevent Discrimination, harassment, and Retaliation in Violation of Gov't Code §§ 1294(k); (4) Failure to Provide Reasonable Accommodations in Violation of Gov't Code §§ 12940 *et seq.*; (5) Failure to Engage in a Good Faith Interactive Process in Violation of Gov't Code §§ 12940 *et seq.*; and (6) Wrongful Termination in Violation of Public Policy. *See* Complaint.

41950117_1.docx

1

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

On January 30, 2020, Plaintiff personally served on Defendant the Summons, Complaint, and all other documents attached as **Exhibit "A."**

On February 28, 2020, Defendant filed its Answer in Orange County Superior Court.   A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

## II.    REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Here, removal is timely because Defendant is filing this Notice of Removal less than thirty (30) days after the effective date of service on Defendant.  *See* Fed. R. Civ. P. 26.

## III.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

**Complete Diversity of the Parties Exists**. This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The parties to this action are diverse, as detailed below:

**Plaintiff is a Citizen of California**.  Plaintiff is, and was at all times relevant to this action, a citizen of the State of California.  For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of the State of California

41950117_1.docx

2

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

and is domiciled in California and was so domiciled at the time of filing of the Complaint. (Compl., ¶ 2 [Ex. A]; Declaration of Brandy Wallace ("Wallace Decl."), ¶ 7.) S*ee Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (current residence and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp.1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of her last residence at the time a suit was filed).

**Defendant is a Citizen of Missouri**. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Missouri. (Compl. ¶ 3 [Ex. A]; Wallace Decl., ¶ 2.)

Defendant's principal place of business, and the location from which its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Saint Louis, Missouri. (Wallace Decl., ¶ 2-4.)

The high-level corporate officers for Defendant, such as the Chief Executive Officer and President and the Chief Financial Officer have their offices located at the corporate headquarters in Cleveland, Ohio. These high-level corporate officers located

41950117_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

in Saint Louis, Missouri are responsible for the direction, control and coordination of the activities covered by their respective offices. (Wallace Decl., ¶ 2-4.)

Defendant, by and through its high ranking officers and their supporting management personnel whose offices are also located in Saint Louis, Missouri, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Defendant's operations; (2) advertising and marketing, including media relations; (3) directing general business strategy and operation; (4) compliance with state and federal laws and legal services associated with such matters; and (5) the size and composition of Defendant's workforce. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Saint Louis, Missouri are maintained at the corporate headquarters. (Wallace Decl., ¶ 2-4.) Simply put, Defendant's center of "direction, control and coordination" is located in the State of Missouri.

Further, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Wallace Decl., ¶ 5.) *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

Thus, for diversity purposes, Defendant must be considered a citizen of Missouri, its state of incorporation, and where its principal place of business is located.

**Complete Diversity Among The Parties Exists**. Defendant is the only named defendant in this action. There is no requirement for anyone else to join in this removal. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

41950117_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

Complete diversity among the parties not only exists now, but did also at the time of the filing of this action. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a), in that Plaintiff is a citizen of California and the only Defendant is not a citizen of California. As a result, complete diversity between Defendant and Plaintiff exists.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co*., 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc*., 171 F. 3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, special damages, mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980-81 (9th Cir. 2005).  These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred.  *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc*., No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by

41950117_1.docx

5

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

the facts set forth herein and more specifically described below.  Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.  In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his legal theories.

In his Complaint, Plaintiff seeks numerous damages, including economic, non-economic, compensatory, punitive damages, reasonable attorney's fees, and injunctive relief.  Specifically, Plaintiff seeks damages for "general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits" and "past and future lost wages, bonuses, commissions, benefits, and loss or diminution of earning capacity," (Compl., ¶¶ 30–31, 45–46, 54–55, 65–66, 76–77, 88–89; Prayer for Relief 1 [Ex. A].) Plaintiff also seeks punitive damages and attorney's fees. (Compl., ¶¶ 33–35;  48–50, 57–59, 68–70, 79–81, 91–92; Prayer for Relief 4–5 [Ex. A].)  Finally, Plaintiff seeks emotional distress damages "in excess of the jurisdictional minimum of this Court." (Compl., ¶¶ 32, 47, 56, 67, 78, 90; Prayer for Relief 1 [Ex. A].)

Based on the allegations in the Complaint, Defendant estimates that the amount of compensatory damages (including emotional distress damages for "severe and profound pain and emotional distress"), economic damages, punitive damages and attorney's fees sought by Plaintiff total in excess of $75,000.  Specifically, Defendant estimates the amount in controversy as follows:

### A.    Compensatory Damages

The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000). Plaintiff's claim for compensatory damages, allegedly

41950117_1.docx

6

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

comprised of "past and future lost wages, bonuses, commissions, benefits, and loss or diminution of earning capacity," must be based on his annual compensation during the time of his employment with Defendant. (Compl., ¶¶ 31, 46, 55, 66, 77, 89; Prayer for Relief 1 [Ex. A].) Plaintiff's annual salary at the time of his separation from employment was $31,200 per year, or $2,600 per month. (Wallace Decl., ¶ 8.) Plaintiff's employment ended on or about January 2019. (Compl., ¶ 15; Wallace Decl., ¶ 7 .) At the time of the removal of this case, approximately 14 months from the date of his termination, the alleged unmitigated lost wages that Plaintiff seeks total approximately **$36,400**.

Based on the Federal Court Management Statistics for the Central District of California for the period ending September 30, 2019 obtained from the United States District Courts' official website,[1] the median time from filing to trial in a civil matter is 22.1 months. Thus, this case is likely to be resolved at trial likely no earlier than December 2021 (22 months from the date the lawsuit was removed to this Court). Plaintiff's additional alleged unmitigated lost wages (from the time of removal to the likely resolution at trial) could amount to at least $57,200.00. Thus, the amount of lost earnings Plaintiff has put in controversy, *i.e.*, total lost earnings between Plaintiff's separation date of January 2019 and the estimated trial date in this matter based on the median time to trial in this District, December 2021, is $**93,600**. The value of the other damages Plaintiff is claiming further confirms that the amount in controversy requirement has been met.

---

[1] https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/09/30-1 U.S. District Courts—Federal Court Management Statistics–Comparison Within Circuit—During the 12-Month Period Ending September 30, 2019. Pursuant to Fed.R.Evid. 201, Defendant respectfully requests that the Court take judicial notice of the 2019 Judicial Caseload Profile, which is attached as Exhibit Q to the Declaration of Mark F. Lovell.

41950117_1.docx

7

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

### B.    <u>Punitive Damages</u>

Additionally, Plaintiff pleads for the recovery of punitive damages.  (Compl., ¶¶ 33–34;  48–49, 57–58, 68–69, 79–80, 91–91; Prayer for Relief 4 [Ex. A].)  The potential for a punitive damages award alone against Defendant satisfies the amount in controversy.  California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3D 1357 (9th Cir. 1994).  "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."  *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages.  *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D.Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive.  Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").  The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages.  *Id.*  These included punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857); $121,000,000 (*Carrol v. Interstate Brands Corp.*, *et al.*, Cal. Super. Ct. for the County of San Vanessa Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000)); and $40,000,000 (*Lane v. Hughes Aircraft Co.*, JVR No. 801112.  *Id.*  As in *Simmons*, Plaintiff is claiming discrimination and retaliation under the Fair Employment and

41950117_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

Housing Act.  The same jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

Jury verdicts in similar cases (i.e. lawsuits in which the plaintiff alleges FEHA discrimination and retaliation) further support that the amount in controversy exceeds $75,000.  In *Romero v. Leon Max, Inc.*, 2009 WL 5258439, a Los Angeles jury awarded the plaintiff $50,000 in punitive damages, where plaintiff, just as in this case, claimed she had been discriminated against due to a physical disability.  (Declaration of Mark F. Lovell ("Lovell Decl."), Ex. A.)  Similarly, in *Amigon vs. Cobe Color Cosmetics,* 2009 WL 7497138, a Los Angeles jury awarded a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged disability discrimination and wrongful termination.  (Lovell Decl., Ex. B.)  In October 2010, another Los Angeles jury awarded $4,800,000 in punitive damages to a plaintiff whose primary causes of action included disability discrimination and retaliation.  *Martinez v. Rite Aid, et. al.* (BC401746) 10-JV_2044 (October 5, 2010).  (Lovell Decl., Ex. C.)  Other discrimination claims have similarly yielded large punitive damages awards.  *Lee v. TRW Inc.,* U.S.D.C. Central Dist. of California Case No. 04-1134 (FEHA age discrimination case resulted in 1.2 million in punitive damages) (Lovell Decl., Ex. J); *Ismen v. Beverly Hosp.*, L.A Superior Court No. BC366198 (disability discrimination case resulted in $1,180,164 in punitive damages) (Lovell Decl., Ex. O).  Other California courts have similarly awarded plaintiffs significant punitive damages in employment actions alleging discrimination.  *See Juarez*, 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination and harassment case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in FEHA case); *Robinson v. Mantra Films, Inc.*, 2006 WL 3198969 (L.A. County Sup. Ct.) (plaintiff in pregnancy harassment and discrimination case claiming $12,964 in back wages, was awarded $137,930 in unspecified damages by an arbitrator); *Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. 2013)

41950117_1.docx

9

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

(noting in pregnancy discrimination case that the $75,000 threshold would be "easily met" by adding $47,920.00 in projected lost wages to emotional distress damages, punitive damages, and statutory attorney's fees likely to be in excess of $27,280.00); *Roberts v. Ford Aero. & Communications Corp.*, 224 Cal. App. 3d 793 (1990) (affirming jury punitive damages award of $750,000 for wrongful termination based upon race discrimination); *Torres v. B.E. Aerospace, Inc.*, 2016 WL 3552983 (L.A. County Sup. Ct.) (awarding plaintiff $7,000,000 in punitive damages for age and gender discrimination); *Rael*, 2018 WL 3470767 (awarding plaintiff $28,000,000 in punitive damages in age and gender discrimination, harassment, and retaliation lawsuit).

Based on these jury awards, it is more likely than not that a punitive damages award alone or in addition to even a minimal amount in economic damages would establish an amount in controversy well in excess of $75,000.

### C.    <u>Emotional Distress Damages</u>

Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy. *See Simmons*, 209 F.Supp.2d at 1031-1035. Plaintiff alleges that as a result of Defendant's conduct he suffered "severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments . . .," and thus, seeks emotional distress damages "in excess of the jurisdictional minimum of this Court." (Compl., ¶¶ 30, 32, 45, 47, 54, 56, 65, 67, 76, 78, 88, 90; Prayer for Relief 1 [Ex. A].)

Plaintiff's claim for emotional distress damages, alone, establishes the $75,000 minimum required to establish diversity jurisdiction. For example, in *Simmons*, the Court relied on the Defendant's citation to an employment discrimination case with similar, but not precisely analogous, facts in which the jury awarded $3,500,000 for pain and suffering. 209 F.Supp.2d at 1034.

To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts.

41950117_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

*See Simmons*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc*., 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999).

Emotional distress damages in other employment cases alleging similar causes of action as Plaintiff show that the instant action presents an amount in controversy in excess of $75,000. In *Espinoza v. County of Orange*, 2009 WL 6323832, a discrimination, retaliation and wrongful discharge action, an Orange County jury awarded the plaintiff $500,000 in emotional distress damages. (Lovell Decl., Ex. D.) Similarly, in *Hernandez v. Regents of the University of California*, 2009 WL 6045700, a jury handed down a $266,347 award for pain and suffering to a plaintiff-employee who claimed wrongful termination in retaliation. (Lovell Decl., Ex. E.) A jury in Sacramento County awarded a plaintiff $400,000 for past pain and suffering based on claims of retaliation. *Weyhe v. Wal-Mart Stores, Inc.*, 2010 WL 3411462. (Lovell Decl., Ex. F.) A San Francisco jury awarded a plaintiff $1,000,000 for pain and suffering and $230,250 in attorney's fees in a lawsuit alleging discrimination. *Anderson v. American Airlines, Inc.*, N.D. Cal., No. 3:05-cv-0429 (2008). (Lovell Decl., Ex. G.). Again, there are numerous other examples of awards in disability and age discrimination cases of just emotional distress damages in excess of $75,000. *See e.g. Kruisheer v. Toys 'R' Us – Delaware, Inc*., U.S.D.C. Central District of California Case No. 05-3425 ($1,000,000) (Lovell Decl., Ex. K); *Peacock v. Quest Diagnostics,* U.S.D.C Central Dist. of California No. 09-09206 ($150,000) (Lovell Decl., Ex. L); *Vo v. Valley Dodge Inc.*, L.A. Superior Court No. BC388059 ($250,000) (Lovell Decl., Ex. M); *Cortes v. Montebello Unified School Dist.*, L.A. Superior Court No. BC359419) ($82,000) (Lovell Decl., Ex. N); *Martin v. Arrow Electronics, Inc.*, U.S.D.C. Central District of California Case No. 04-1134 ($300,000) (Lovell Decl., Ex. I).

Other California courts have awarded substantial damages for emotional distress in employment cases alleging discrimination. *See, e.g., Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of

41950117_1.docx

11

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

$250,000 in discrimination and harassment case); *Pinter-Brown v. The Regents of the University of California*, 2018 WL 1059156, (L.A. County Sup. Ct.) (awarding plaintiff $7,000,000 in damages for past noneconomic damages and $3,000,000 for future noneconomic damages in gender discrimination case; *Torres v. B.E. Aerospace, Inc.*, 2016 WL 3552983 (L.A. County Sup. Ct.) (awarding plaintiff $1,441,000 in pain and suffering damages for age and gender discrimination); *Rael v. Sybron Dental Specialties, Inc.*, 2018 WL 3470767 (L.A. County Sup. Ct.) (awarding plaintiff $3,084,511 in pain and suffering damages in age and gender discrimination, harassment, and retaliation lawsuit).

In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031-1035 (N.D. Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, and attorney's fees anticipated to accrue through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a lengthy list of compensatory damages including emotional distress, etc. combined with a claim for attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal). Thus, the amount in controversy, when considering the potential amount of all damages sought by Plaintiff, exceeds $75,000.

**D.    Statutory Attorney's Fees**

Finally, Plaintiff seeks statutory attorney's fees and costs, which are available to Plaintiff based on his claims under the California Government Code (Fair Employment and Housing Act). (Compl., ¶¶ 35; 50, 59, 70, 81, 92; Prayer for Relief

41950117_1.docx

12

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

5 [Ex. A].)  Plaintiff's claim for attorney's fees is based on *California Government Code* section 12965, which authorizes an award of attorney's fees based on the claims asserted in Plaintiff's complaint.  When authorized by statute or contract, attorney's fee claims are also properly considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be included in the amount in controversy if recoverable by statute or contract).

Adding the potential recovery of attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.  *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Technology*, 209 F.Supp.3d 1029, 1035 (N.D. Cal. 2002).

Even a conservative estimate of attorney's fees, when viewed in combination with alleged compensatory, punitive and emotional distress damages, would present an amount in controversy that exceeds the jurisdictional minimum.  *See, e.g., Lefkir v. Rancho Los Amigos/County of Los Angeles* (BC412351) 10-JV_1877 (2010) (court awards plaintiff's attorney's fees in the amount of $171,917.50) (Lovell Decl., Ex. H); *Martin v. Arrow Electronics, Inc.*, U.S.D.C. Central District of California Case No.

41950117_1.docx

13

Case No. 8:20-cv-426

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

04-1134 ($473,554) (Lovell Decl., Ex. I); *Peacock v. Quest Diagnostics*, U.S.D.C Central Dist. of California No. 09-09206 ($599,000) (Lovell Decl., Ex. L); *Vo v. Valley Dodge Inc.*, L.A. Superior Court No. BC388059 ($402,000) (Lovell Decl., Ex. M); *Beasley v. East Coast Foods, Inc.*, Case No. BC509995 (L.A. County Sup. Ct.) (attorney's fees award of $1,514,140 in FEHA case).  (Lovell Decl., Ex. P.)

Moreover, as other courts have noted, employment actions often "require substantial effort from counsel." *Id.* More specifically, another court in this District found that 100 hours is a reasonable estimate for the number of attorney hours to be expended in an employment action. *Haro v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014).

A typical hourly rate for employment cases similar to the case at hand in this district is $300 per hour. *Id.* Thus, it is reasonable to conclude that the amount in controversy would increase, at a minimum, by $**30,000**.

Defendant anticipates depositions being taken in this case and that Defendant will file a Motion for Summary Judgment.  Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Lovell Decl., ¶ 19.)

As the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper

## V. <u>VENUE IS PROPER</u>

In accordance with United States Code, Title 28, Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending.  The Superior Court of California, County of Orange is located within the Central District of California.  28 U.S.C. § 84(c)(1).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

41950117_1.docx

14

Case No. 8:20-cv-426

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## VI.    <u>THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET</u>

In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by **Exhibit "A**," which includes copies of all process, pleadings, and orders served upon Defendant.

As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, Orange County.

## VII.    <u>CONCLUSION</u>

Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

Accordingly, Defendant removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED: March 2, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /S/ Carlos Bacio
        Mark F. Lovell
        Carlos Bacio
        Attorneys for Defendant Airport Terminal
        Services, Inc.

41950117_1.docx

15

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

# EXHIBIT A

Case 8:20-cv-00426-DOC-DFM Document 1 Filed 03/02/20 Page 18 of 61 Page ID #:18

2/26/2019 1:03 PM Electronically Filed by Superior Court of California, County of Orange, 01/01/2019 06:13:27AM
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE MARTINEZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Central Justice Center

700 Civic Center Drive West
Santa Ana, California 92701

**CASE NUMBER:**
30-2019-01121035-CU-WT-CJC

Judge Martha K. Gooding

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jace H. Kim, Esq. (SBN 282039) Carlos Andres Perez, Esq. (SBN 285645) Matias N. Castro, Esq. (SBN 308498) THE DOMINGUEZ FIRM, LLP
3250 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010 Telephone: (213) 381-4011 Facsimile: (213) 201-8212

**DATE:**  12/30/2019  David H. Yamasaki, Clerk of the Court  Clerk, by _____, Deputy
*(Fecha)*  *(Secretario)*  *(Adjunto)*

Briana Brown

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*


[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**Page 1 of 1**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A, Page 17

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
THE DOMINGUEZ FIRM, LLP
Jace H. Kim, Esq. (SBN 282039); Carlos Andres Perez, Esq. (SBN 285645)
Matias N. Castro, Esq. (SBN 308498)
3250 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010
TELEPHONE NO.: (213) 381-4011    FAX NO. *(Optional):* (213) 201-8212
E-MAIL ADDRESS *(Optional):* mjoy@dominguezfirm.com
ATTORNEY FOR *(Name):* Plaintiff, JOSE MARTINEZ

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: JOSE MARTINEZ, an individual

DEFENDANT/RESPONDENT: AIRPORT TERMINAL SERVICES, INC., etc.; et al.

CASE NUMBER:
30-2019-01121035-CU-WT-CJC

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
1821357QF

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Hearing

3. a. Party served *(specify name of party as shown on documents served):*
      AIRPORT TERMINAL SERVICES, INC., a Missouri corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System, Agent, Received by Carlos Paz, Intake Specialist

4. Address where the party was served:
   818 West 7th Street, Suite 930, Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 01/30/2020    (2) at *(time):* 8:55 a.m.
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A, Page 18

| PLAINTIFF/PETITIONER: JOSE MARTINEZ, an individual | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: AIRPORT TERMINAL SERVICES, INC., etc.; et al. | 30-2019-01121035-CU-WT-CJC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*     (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* AIRPORT TERMINAL SERVICES, INC., a Missouri corporation
   under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
a. Name: Eric Torres, Ace Attorney Service, Inc.
b. Address: 811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
c. Telephone number: (213) 623-3979
d. **The fee** for service was: $ 67.99
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ a registered California process server:
   (i) ☐ owner ☑ employee ☐ independent contractor.
   (ii) Registration No.: 2019054926
   (iii) County: LOS ANGELES

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: January 31, 2020

ERIC TORRES
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                                    (SIGNATURE )

Exhibit A, Page 19

## CT Corporation

**Service of Process Transmittal**
01/30/2020
CT Log Number 537096770

| | |
|---|---|
| **TO:** | BRANDY WALLACE<br>Airport Terminal Services, Inc.<br>940 WEST PORT PLAZA DRIVE, SUITE 101<br>SAINT LOUIS, MO 63146-3014 |
| **RE:** | **Process Served in California** |
| **FOR:** | Airport Terminal Services, Inc.  (Domestic State: MO) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSE MARTINEZ, ETC., PLTF. vs. AIRPORT TERMINAL SERVICES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Complaint, Attachment, Cover Sheet |
| **COURT/AGENCY:** | ORANGE COUNTY SUPERIOR COURT OF THE STATE OF CALIFORNIA, CA<br>Case # 30201901121035CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/17/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/30/2020 at 13:42 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Jace H. Kim, Esq.<br>THE DOMINGUEZ FIRM, LLP<br>3250 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>(213) 381-4011 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780127280338<br><br>Image SOP<br><br>Email Notification,  BRANDY WALLACE  bwallace@atsstl.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically Filed by Superior Court of California, County of Orange, 12/30/2019 06:18:57 PM.
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE MARTINEZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* **Central Justice Center** <br> **700 Civic Center Drive West** <br> **Santa Ana, California 92701** | CASE NUMBER: *(Número del Caso):* <br> **30-2019-01121035-CU-WT-CJC** <br> Judge Martha K. Gooding |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jace H. Kim, Esq. (SBN 282039) Carlos Andres Perez, Esq. (SBN 285645) Matias N. Castro, Esq. (SBN 308498) THE DOMINGUEZ FIRM, LLP 3250 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010 Telephone: (213) 381-4011 Facsimile: (213) 201-8212

| | | |
|---|---|---|
| DATE: *(Fecha)* **12/30/2019** David H Yamasaki, Clerk of the Court | Clerk, by *(Secretario)* **B. B.** | , Deputy *(Adjunto)* <br> Briana Brown |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Airport Terminal Service, a Missiana corporation*

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* **1/30/20**

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485 <br> www.courtinfo.ca.gov |

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

Exhibit A, Page 21

Electronically Filed by Superior Court of California, County of Orange, 12/30/2019 06:18:57 PM.
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 2

Jace H. Kim, Esq. (SBN 282039)
Carlos Andres Perez, Esq. (SBN 285645)
Matias N. Castro, Esq. (SBN 308498)
**THE DOMINGUEZ FIRM, LLP**
3250 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (213) 381-4011
Facsimile: (213) 201-8212

Attorneys for Plaintiff,
JOSE MARTINEZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CIVIC CENTER

Judge Martha K. Gooding

| | |
|---|---|
| JOSE MARTINEZ, an individual, | Case No. 30-2019-01121035-CU-WT-CJC |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | 1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive, | 2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| Defendants. | 3. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| | 4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND** |
| | 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| | **DEMAND OVER $25,000** |
| | **[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF, JOSE MARTINEZ,** and for causes of action against the

Defendants and each of them, alleges as follows:

-1-

## JURISDICTION

1.   This Court is the proper court, and this action is properly filed in Orange County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Orange County, and because the work that is the subject of this action was performed by MR. MARTINEZ in Orange County.

## THE PARTIES

2.   Plaintiff, JOSE MARTINEZ, is and at all times relevant hereto was a resident of the County of Orange, State of California.

3.   MR. MARTINEZ is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as "AIRPORT") was and is a Missouri corporation doing business in the County of Orange, State of California.

4.   At all times relevant herein, AIRPORT and DOES 1-20 were MR. MARTINEZ's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

5.   The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to MR. MARTINEZ at this time and therefore said Defendants are sued by such fictitious names. MR. MARTINEZ will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to MR. MARTINEZ. MR. MARTINEZ is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to MR. MARTINEZ as alleged hereinafter.

6.   MR. MARTINEZ is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

-2-

Exhibit A, Page 23

within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

7.    MR. MARTINEZ is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). MR. MARTINEZ is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing MR. MARTINEZ harm.

8.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9.    MR. MARTINEZ has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied MR. MARTINEZ's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10.    MR. MARTINEZ is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between AIRPORT and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

11.    MR. MARTINEZ is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, AIRPORT and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

Exhibit A, Page 24

a.      AIRPORT is completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.      AIRPORT and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.      AIRPORT and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      AIRPORT do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of AIRPORT and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. AIRPORT is, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to MR. MARTINEZ for violations of the Government Code and other statutory violations. The corporate existence of AIRPORT and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to MR. MARTINEZ herein.

12.      Accordingly, AIRPORT constitutes the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

///

///

///

///

///

COMPLAINT FOR DAMAGES

Exhibit A, Page 25

13. As a result of the aforementioned facts, MR. MARTINEZ is informed and believes, and based thereon alleges that AIRPORT and DOES 1-20 are MR. MARTINEZ's joint employers by virtue of a joint enterprise, and that MR. MARTINEZ was an employee of AIRPORT and DOES 1-20. MR. MARTINEZ performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of MR. MARTINEZ as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14. Alternatively, MR. MARTINEZ is informed and believes and, based thereupon alleges, that as and between DOES 1-20, AIRPORT, or any of them, (1) there is an express or implied agreement of assumption pursuant to which AIRPORT and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between AIRPORT and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) AIRPORT and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to AIRPORT and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, AIRPORT and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

15. On or about April 17, 2002, AIRPORT hired JOSE MARTINEZ ("MR. MARTINEZ"). MR. MARTINEZ was a full-time, non-exempt employee, and performed all of his job duties satisfactorily before he was wrongfully terminated on or about January 1, 2019.

16. On or about October 3, 2017, MR. MARTINEZ suffered a work related injury which limited his ability to perform the major life activity of working and therefore constitutes a disability.

17. As a result of this injury, MR. MARTINEZ required to seek medical attention and was instructed to return to work with work restrictions. At all times, MR. MARTINEZ provided Employers with his doctor's notes.

18. Shortly after receiving MR. MARTINEZ's permanent work restrictions, on or about December 17, 2018, AIRPORT wrongfully terminated MR. MARTINEZ's employment under the false pretext that they could not accommodate him.

///

Exhibit A, Page 26

19. At all relevant times, AIRPORT failed to engage in a good faith interactive process and failed to accommodate MR. MARTINEZ's work restrictions.

20. AIRPORT discriminated and retaliated against MR. MARTINEZ after MR. MARTINEZ informed AIRPORT of his real or perceived disability and/or medical condition and request for accommodations.

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

21. MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

22. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

23. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

24. FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination and retaliation on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

25. MR. MARTINEZ was a member of multiple protected classes as a result of his disability, medical condition and/or the perception that MR. MARTINEZ was suffering from a disability and/or medical condition.

26. At all times relevant hereto, MR. MARTINEZ was performing competently in the position MR. MARTINEZ held with Defendants.

27. MR. MARTINEZ suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

///

28.     MR. MARTINEZ is informed and believes that his disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject MR. MARTINEZ to the aforementioned adverse employment actions.

29.     Said conduct violates the FEHA, and such violations were a proximate cause in MR. MARTINEZ's damage as stated below.

30.     As a result of AIRPORT's actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

31.     As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

32.     MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

33.     Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against AIRPORT and each of them, in sums in excess of the jurisdictional minimum of this Court.

34.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

35.     Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

36.    MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

37.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

38.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

39.    MR. MARTINEZ engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising MR. MARTINEZ's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards MR. MARTINEZ based upon his disability, medical condition, real or perceived, and use of medical leave.

40.    MR. MARTINEZ suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

41.    MR. MARTINEZ is informed and believes that his conduct of requesting accommodation, requesting medical leave and/or exercising his right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject MR. MARTINEZ to the aforementioned adverse employment actions.

42.    Defendants violated the FEHA by retaliating against MR. MARTINEZ and terminating MR. MARTINEZ for attempting to exercise his protected rights, as set forth hereinabove. MR. MARTINEZ's engagement in such protected activities were a substantial factor in Defendants' decision to subject him to the aforementioned adverse employment actions.

43.    MR. MARTINEZ is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

Exhibit A, Page 29

44.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in MR. MARTINEZ's damage as stated below.

45.    As a result of AIRPORT's actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

46.    As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

47.    MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

48.    Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

49.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of his rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

50.    Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

///

///

-9-

### THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

51.    MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

52.    At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

53.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in MR. MARTINEZ's damage as stated below.

54.    As a result of Defendants actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

55.    As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

56.    MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

57.    Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

58.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ

1  or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

2  rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious

3  disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil

4  Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to

5  punish or make an example of Defendants.

6      59.    Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable

7  award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

8

9                    **FOURTH CAUSE OF ACTION**

10        **FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

11            **IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.**

12                    **AGAINST ALL DEFENDANTS**

13      60.    MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs,

14  inclusive, as though set forth in full herein.

15      61.    At all times hereto, the FEHA, including in particular Government Code §12940(m),

16  was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing

17  duty on Defendants to make reasonable accommodation for the known physical disability and/or

18  medical condition of an employee.

19      62.    At all relevant times, MR. MARTINEZ was a member of a protected class within the

20  meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. MARTINEZ

21  had a disability, a physical condition that affected MR. MARTINEZ's major life activities, and medical

22  condition of which Defendants had both actual and constructive knowledge.

23      63.    At all times herein, MR. MARTINEZ was willing and able to perform the duties and

24  functions of the position in which MR. MARTINEZ was employed, or could have performed the duties

25  and functions of that position with reasonable accommodations.  At no time would the performance of

26  the functions of the employment position, with a reasonable accommodation for MR. MARTINEZ's

27  disability or medical condition, actual or as it was perceived by Defendants, have been a danger to MR.

28  MARTINEZ's or any other person's health or safety.  Accommodation of MR. MARTINEZ's disability

-11-
COMPLAINT FOR DAMAGES

or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate MR. MARTINEZ's disability, failed to engage in the interactive process with MR. MARTINEZ and continue to violate this obligation, up to and including the date of MR. MARTINEZ's termination or, if Defendant contends MR. MARTINEZ was never terminated, through the present and ongoing.

64. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in MR. MARTINEZ's damage as stated below.

65. As a result of Employers' actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

66. As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

67. MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

68. Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

69. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

///

Exhibit A, Page 33

70.     Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

71.     MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

72.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

73.     At all relevant times, MR. MARTINEZ was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. MARTINEZ had a physical disability that affected MR. MARTINEZ's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

74.     MR. MARTINEZ reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with MR. MARTINEZ, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage in the interactive process with MR. MARTINEZ, Defendants failed and refused to have any dialogue with MR. MARTINEZ whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of MR. MARTINEZ's termination or, if Defendant contends MR. MARTINEZ was never terminated, through the present and ongoing.

///

75. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in MR. MARTINEZ's damage as stated below.

76. As a result of Employers' actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

77. As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

78. MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

79. Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

80. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

81. Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///
///
///
///

Exhibit A, Page 35

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

82.     MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

83.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

84.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

85.     MR. MARTINEZ believes and thereon alleges that MR. MARTINEZ's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

86.     Such discrimination and retaliation, resulting in the wrongful termination of MR. MARTINEZ's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, MR. MARTINEZ's complaining of harassment and discrimination due to these protected classes, MR. MARTINEZ's engagement in protected activity, and/or some combination of these factors, were a proximate cause in MR. MARTINEZ's damages as stated below.

87.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against MR. MARTINEZ and terminating MR. MARTINEZ's employment in retaliation for exercise of protected rights.

///

88.     As a result of Employers' actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

89.     As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

90.     MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

91.     Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

92.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, MR. MARTINEZ seeks judgment against Defendants and each of them, in an amount according to proof.

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring MR. MARTINEZ to MR. MARTINEZ's former position with Defendants;

4. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

5. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

6. For post-judgment interest; and

7. For any other relief that is just and proper.

DATED: December 30, 2019   **THE DOMINGUEZ FIRM, LLP**

By: _____
   Jace H. Kim, Esq.
   Carlos Andres Perez, Esq.
   Matias N. Castro, Esq.
   Attorneys for Plaintiff
   JOSE MARTINEZ

## JURY TRIAL DEMANDED

MR. MARTINEZ demands trial of all issues by jury.

DATED: December 30, 2019   **THE DOMINGUEZ FIRM, LLP**

By: _____
   Jace H. Kim, Esq.
   Carlos Andres Perez, Esq.
   Matias N. Castro, Esq.
   Attorneys for Plaintiff
   JOSE MARTINEZ

Electronically Filed by Superior Court of California, County of Orange, 12/30/2019 06:18:57 PM.
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 4

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jace H. Kim, Esq. (SBN 282039) Carlos Andres Perez, Esq. (SBN 285645)<br>Matias N. Castro, Esq. (SBN 308498)<br>THE DOMINGUEZ FIRM, LLP<br>3250 Wilshire Blvd. Ste. 1200, Los Angeles, CA 90010<br>TELEPHONE NO.: (213)381-4011    FAX NO.: (213)201-8212<br>ATTORNEY FOR *(Name):* Plaintiff, JOSE MARTINEZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: 700 W. Civic Center Dr.
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
MARTINEZ v. AIRPORT TERMINAL SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2019-01121035-CU-WT-CJC |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Martha K. Gooding<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/30/2019
Jace H. Kim
(TYPE OR PRINT NAME)                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std  3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Page 39

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

Exhibit A, Page 40

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

Exhibit A, Page 41

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Exhibit A, Page 42

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

Exhibit A, Page 43

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

Exhibit A, Page 44

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                     Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                     Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
             ☐ Under section 1141.11 of the Code of Civil Procedure
             ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. July 2014)

California Rules of Court, rule 3.221

Exhibit A, Page 45

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE | **FILED** |
| MAILING ADDRESS: 700 W. Civic Center Drive | SUPERIOR COURT OF CALIFORNIA |
| CITY AND ZIP CODE: Santa Ana 92701 | COUNTY OF ORANGE |
| BRANCH NAME: Central Justice Center | |
| PLANTIFF: JOSE MARTINEZ | |
| | **Jan 6, 2020** |
| DEFENDANT: AIRPORT TERMINAL SERVICES, INC. | |
| | Clerk of the Superior Court |
| Short Title: MARTINEZ VS. AIRPORT TERMINAL SERVICES, INC. | By Deanna Parsons, Deputy |

| NOTICE OF HEARING | CASE NUMBER:<br>30-2019-01121035-CU-WT-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/27/2020</u> at <u>09:00:00 AM</u> in Department <u>C32</u> of this court, located at <u>Central Justice Center</u>.

Clerk of the Court, By: _Williams_____, Deputy

Exhibit A, Page 46

# EXHIBIT B

1  Mark F. Lovell, CA Bar No. 246652
   mark.lovell@ogletree.com
2  Carlos Bacio, CA Bar No. 328466
   carlos.bacio@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:     714-754-1298

7  Attorneys for Defendant Airport Terminal
   Services, Inc.

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10            **FOR THE COUNTY OF ORANGE – CIVIC CENTER**

11

12  JOSE MARTINEZ, an individual,          | Case No. 30-2019-01121035-CU-WT-CJC

13              Plaintiff,                  | **DEFENDANT AIRPORT TERMINAL
                                            | SERVICES, INC.'S ANSWER TO
14         vs.                             | PLAINTIFF JOSE MARTINEZ'
                                            | UNVERIFIED COMPLAINT**
15  AIRPORT TERMINAL SERVICES, INC., a
    Missouri corporation; and DOES 1 through 20, | [Assigned for all purposes to The Honorable
16  inclusive,                            | Martha K. Gooding, Dept. C32]

17              Defendants.

18                                         | Action Filed:     December 30, 2019
                                            | Trial Date:       None Set
19

20

21

22

23

24

25

26

27  41944686_1.docx

28

                                       1

Defendant Airport Terminal Services, Inc. ("Defendant") hereby answer the unverified Complaint ("Complaint") filed by Plaintiff Jose Martinez ("Plaintiff"):

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Additionally, without admitting that they carry the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admission and denials herein, based on such investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

2.    Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

/ / /

/ / /

41944686_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT

Exhibit B, Page 49

**THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

3.    The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

**FOURTH AFFIRMATIVE DEFENSE**

**(Allocation of Damages)**

4.    If Defendant is responsible to Plaintiff, which responsibility is expressly denied, Defendant shall be liable to Plaintiff only for the amount of non-economic damages allocated to Defendant in direct proportion to Defendant's percentage of fault, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Alternative Causation)**

5.    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of alternative causation.

**SIXTH AFFIRMATIVE DEFENSE**

**(Apportionment of Responsibility)**

6.    The Complaint, and each and every cause of action alleged therein, is barred by the negligence of a third-party.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action Taken by Employer)**

7.    The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

8.    The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

/ / /

/ / /

41944686_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT

Exhibit B, Page 50

### NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

9.    Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

### TENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

10.    Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

11.    The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

### TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

12.    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

13.    This Court lacks jurisdiction over the Complaint and all claims alleged therein because Plaintiff failed to timely and/or properly exhaust administrative remedies as required by applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

14.    Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

/ / /

41944686_1.docx

4

Exhibit B, Page 51

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

15.    The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

16.    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

17.    Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

18.    The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

19.    Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

/ / /

41944686_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ'
UNVERIFIED COMPLAINT

Exhibit B, Page 52

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

20.    Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

21.    The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

22.    The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; and Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

23.    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

24.    The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

25.    The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

/ / /

41944686_1.docx

Exhibit B, Page 53

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

26.    Defendant is entitled to an off-set under the doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Same Decision / Mixed Motive)

27.    Plaintiff's claims for discrimination on the basis of disability, discrimination on the basis of sex and/or gender, retaliation for opposing practices forbidden by FEHA, and wrongful termination in violation of public policy, are barred, in whole or in part, because even if Plaintiff could prove that her protected conduct or protected classification was a substantial factor motivating the challenged employment actions, the same employment actions would have been taken based on other legitimate considerations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.    That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  February 28, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
    Mark F. Lovell
    Carlos Bacio

Attorneys for Defendant Airport Terminal Services, Inc.

41944686_1.docx

7

Exhibit B, Page 54

**PROOF OF SERVICE**
*Jose Martinez v. Airport Terminal Services, Inc., et al.*
Case No. 30-2019-01121035-CU-WT-CJC

     I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

     On February 28, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

        ☐   the written confirmation of counsel in this action:

        ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

41944686_1.docx

8

Exhibit B, Page 55

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(State)**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2020, at Costa Mesa, California.


_____

Lisa Sles

1

## SERVICE LIST

2

3   Jace H. Kim, Esq.                    Attorneys for Plaintiff
    Carlos Andres Perez, Esq.           Jose Martinez
3   Matias N. Castro, Esq.
4   THE DOMINGUEZ FIRM, LLP
    3250 Wilshire Boulevard, Suite 1200
5   Los Angeles, CA 90010
    Telephone:    213-381-4011
6   Facsimile:    213-201-8212

7

8                                                                    41944686.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

41944686_1.docx   27

28

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ'
UNVERIFIED COMPLAINT                          Exhibit B, Page 57

# PROOF OF SERVICE
### *Jose Martinez v. Airport Terminal Services, Inc., et al*
### Case No. 8:20-cv-426

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On March 2, 2020, I served the following document(s):

### DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

1   ☐    **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

2

3

4   ☒    **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

5

6   ☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

7

8

9        I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

10        Executed on March 2, 2020, at Costa Mesa, California.

11

12

13

14                        Lisa Sles

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:20-cv-426

41950117_1.docx

1

# SERVICE LIST

2

3     Jace H. Kim, Esq.                  Attorneys for Plaintiff
Carlos Andres Perez, Esq.       Jose Martinez

4     Matias N. Castro, Esq.
THE DOMINGUEZ FIRM, LLP

5     3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010

6     Telephone:  213-381-4011
Facsimile:   213-201-8212

7                                                      41950117.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

PROOF OF SERVICE            Case No. 8:20-cv-426