Electronically Filed by Superior Court of California, County of Orange, 12/30/2019 06:18:57 PM.
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 3

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE MARTINEZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) **Central Justice Center** | 30-2019-01121035-CU-WT-CJC |
| 700 Civic Center Drive West | |
| Santa Ana, California 92701 | Judge Martha K. Gooding |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)

Jace H. Kim, Esq. (SBN 282039) Carlos Andres Perez, Esq. (SBN 285645) Matias N. Castro, Esq. (SBN 308498) THE DOMINGUEZ FIRM, LLP 3250 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010 Telephone: (213) 381-4011 Facsimile: (213) 201-8212

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| (Fecha) 12/30/2019 | David H Yamasaki, Clerk of the Court | (Secretario) B. R. | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

Briana Brown

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Airport Terminal Service, a missian corporation*

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other (specify):

4. ☒ by personal delivery on (date): 1/30/20

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Electronically Filed by Superior Court of California, County of Orange, 12/30/2019 06:18:57 PM.
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 2

1    Jace H. Kim, Esq. (SBN 282039)
2    Carlos Andres Perez, Esq. (SBN 285645)
     Matias N. Castro, Esq. (SBN 308498)
3    **THE DOMINGUEZ FIRM, LLP**
     3250 Wilshire Boulevard, Suite 1200
4    Los Angeles, California 90010
     Telephone: (213) 381-4011
5    Facsimile: (213) 201-8212

6    Attorneys for Plaintiff,
     JOSE MARTINEZ

7

8

           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

           **FOR THE COUNTY OF ORANGE – CIVIC CENTER**

10

           Judge Martha K. Gooding

11    JOSE MARTINEZ, an individual,      Case No. 30-2019-01121035-CU-WT-CJC

12          Plaintiff,      **COMPLAINT FOR DAMAGES FOR:**

13      v.      **1. DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

14    AIRPORT TERMINAL SERVICES, INC.,
15    a Missouri corporation; and DOES 1 through      **2. RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
     20, inclusive,

16          Defendants.      **3. FAILURE TO PREVENT**
17                          **DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**

18

19                 **4. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

20

21                 **5. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET**
22                 **SEQ.; AND**

23                 **6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

24

25                      **DEMAND OVER $25,000**

26                **[DEMAND FOR JURY TRIAL]**

27        **COMES NOW PLAINTIFF, JOSE MARTINEZ,** and for causes of action against the

28    Defendants and each of them, alleges as follows:

1

## JURISDICTION

2      1.      This Court is the proper court, and this action is properly filed in Orange County, because

3   Defendants' obligations and liability arise therein, because Defendants maintain offices and transact

4   business within Orange County, and because the work that is the subject of this action was performed by

5   MR. MARTINEZ in Orange County.

6

7

## THE PARTIES

8      2.      Plaintiff, JOSE MARTINEZ, is and at all times relevant hereto was a resident of the

9   County of Orange, State of California.

10      3.      MR. MARTINEZ is informed and believes, and based thereupon alleges, that at all times

11   relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as

12   "AIRPORT") was and is a Missouri corporation doing business in the County of Orange, State of

13   California.

14      4.      At all times relevant herein, AIRPORT and DOES 1-20 were MR. MARTINEZ's

15   employers, joint employers and/or special employers within the meaning of Government Code §§12926,

16   subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five

17   (5) or more persons and are therefore subject to the jurisdiction of this Court.

18      5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of

19   the Defendants named herein as DOES 1-20, inclusive, are unknown to MR. MARTINEZ at this time

20   and therefore said Defendants are sued by such fictitious names. MR. MARTINEZ will seek leave to

21   amend this complaint to insert the true names and capacities of said Defendants when the same become

22   known to MR. MARTINEZ. MR. MARTINEZ is informed and believes, and based thereupon alleges,

23   that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is

24   therefore liable to MR. MARTINEZ as alleged hereinafter.

25      6.      MR. MARTINEZ is informed and believes, and based thereupon alleges, that at all times

26   relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

27   coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

28   other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

1 | within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,
2 | successor status and/or joint venture and with the permission and consent of each of the other Defendants.

3 |       7.      MR. MARTINEZ is informed and believes, and based thereupon alleges, that Defendants,
4 | and each of them, including those defendants named as DOES 1-20, acted in concert with one another to
5 | commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one
6 | another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government
7 | Code §12940(i). MR. MARTINEZ is further informed and believes, and based thereupon alleges, that
8 | Defendants, and each of them, including those defendants named as DOES 1-20, and each of them,
9 | formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful
10 | acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,
11 | intended to cause and actually causing MR. MARTINEZ harm.

12 |       8.      Whenever and wherever reference is made in this complaint to any act or failure to act by
13 | a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts
14 | and/or failures to act by each Defendant acting individually, jointly and severally.

15 |       9.      MR. MARTINEZ has filed complaints of discrimination, harassment, retaliation, failure
16 | to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive
17 | process, and wrongful termination under Government Code §§12940, et seq., the California Fair
18 | Employment and Housing Act ("FEHA") with the California Department of Fair Employment and
19 | Housing ("DFEH"), and has satisfied MR. MARTINEZ's administrative prerequisites with respect to
20 | these and all related filings.

21 |
22 |            **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

23 |      10.      MR. MARTINEZ is informed and believes, and based thereon alleges, that there exists
24 | such a unity of interest and ownership between AIRPORT and DOES 1-20 that the individuality and
25 | separateness of defendants have ceased to exist.

26 |      11.      MR. MARTINEZ is informed and believes, and based thereon alleges, that despite the
27 | formation of purported corporate existence, AIRPORT and DOES 1-20 are, in reality, one and the same
28 | as Defendants, including, but not limited to because:

1          a.       AIRPORT is completely dominated and controlled by DOES 1-20, who personally

2 committed the frauds and violated the laws as set forth in this complaint, and who have hidden and

3 currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other

4 wrongful or inequitable purpose.

5          b.       AIRPORT and DOES 1-20 derive actual and significant monetary benefits by and

6 through one another's unlawful conduct, and by using one another as the funding source for their own

7 personal expenditures.

8          c.       AIRPORT and DOES 1-20, while really one and the same, were segregated to

9 appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

10 accomplishing some other wrongful or inequitable purpose.

11          d.       AIRPORT do not comply with all requisite corporate formalities to maintain a

12 legal and separate corporate existence.

13          e.       The business affairs of AIRPORT and DOES 1-20 are, and at all times relevant

14 were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in

15 inextricable confusion. AIRPORT is, and at all times relevant hereto was, used by DOES 1-20 as a mere

16 shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one

17 another and DOES 1-20. The recognition of the separate existence of Defendants would not promote

18 justice, in that it would permit Defendants to insulate themselves from liability to MR. MARTINEZ for

19 violations of the Government Code and other statutory violations. The corporate existence of AIRPORT

20 and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is

21 necessary to avoid fraud and injustice to MR. MARTINEZ herein.

22        12.       Accordingly, AIRPORT constitutes the alter ego of DOES 1-20, and the fiction of their

23 separate corporate existence must be disregarded.

24 ///

25 ///

26 ///

27 ///

28 ///

13.     As a result of the aforementioned facts, MR. MARTINEZ is informed and believes, and based thereon alleges that AIRPORT and DOES 1-20 are MR. MARTINEZ's joint employers by virtue of a joint enterprise, and that MR. MARTINEZ was an employee of AIRPORT and DOES 1-20.  MR. MARTINEZ performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of MR. MARTINEZ as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14.     Alternatively, MR. MARTINEZ is informed and believes and, based thereupon alleges, that as and between DOES 1-20, AIRPORT, or any of them, (1) there is an express or implied agreement of assumption pursuant to which AIRPORT and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between AIRPORT and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) AIRPORT and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to AIRPORT and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, AIRPORT and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

15.     On or about April 17, 2002, AIRPORT hired JOSE MARTINEZ ("MR. MARTINEZ"). MR. MARTINEZ was a full-time, non-exempt employee, and performed all of his job duties satisfactorily before he was wrongfully terminated on or about January 1, 2019.

16.     On or about October 3, 2017, MR. MARTINEZ suffered a work related injury which limited his ability to perform the major life activity of working and therefore constitutes a disability.

17.     As a result of this injury, MR. MARTINEZ required to seek medical attention and was instructed to return to work with work restrictions. At all times, MR. MARTINEZ provided Employers with his doctor's notes.

18.     Shortly after receiving MR. MARTINEZ's permanent work restrictions, on or about December 17, 2018, AIRPORT wrongfully terminated MR. MARTINEZ's employment under the false pretext that they could not accommodate him.

///

19. At all relevant times, AIRPORT failed to engage in a good faith interactive process and failed to accommodate MR. MARTINEZ's work restrictions.

20. AIRPORT discriminated and retaliated against MR. MARTINEZ after MR. MARTINEZ informed AIRPORT of his real or perceived disability and/or medical condition and request for accommodations.

## FIRST CAUSE OF ACTION

### FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

21. MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

22. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

23. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

24. FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination and retaliation on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

25. MR. MARTINEZ was a member of multiple protected classes as a result of his disability, medical condition and/or the perception that MR. MARTINEZ was suffering from a disability and/or medical condition.

26. At all times relevant hereto, MR. MARTINEZ was performing competently in the position MR. MARTINEZ held with Defendants.

27. MR. MARTINEZ suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

///

28.   MR. MARTINEZ is informed and believes that his disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject MR. MARTINEZ to the aforementioned adverse employment actions.

29.   Said conduct violates the FEHA, and such violations were a proximate cause in MR. MARTINEZ's damage as stated below.

30.   As a result of AIRPORT's actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

31.   As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

32.   MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

33.   Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against AIRPORT and each of them, in sums in excess of the jurisdictional minimum of this Court.

34.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

35.   Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

36.    MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

37.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

38.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

39.    MR. MARTINEZ engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising MR. MARTINEZ's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards MR. MARTINEZ based upon his disability, medical condition, real or perceived, and use of medical leave.

40.    MR. MARTINEZ suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

41.    MR. MARTINEZ is informed and believes that his conduct of requesting accommodation, requesting medical leave and/or exercising his right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject MR. MARTINEZ to the aforementioned adverse employment actions.

42.    Defendants violated the FEHA by retaliating against MR. MARTINEZ and terminating MR. MARTINEZ for attempting to exercise his protected rights, as set forth hereinabove. MR. MARTINEZ's engagement in such protected activities were a substantial factor in Defendants' decision to subject him to the aforementioned adverse employment actions.

43.    MR. MARTINEZ is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

1      44.    The above said acts of Defendants constitute violations of the FEHA, and were a
2 proximate cause in MR. MARTINEZ's damage as stated below.

3      45.    As a result of AIRPORT's actions, MR. MARTINEZ has suffered and will continue to
4 suffer general and special damages, including severe and profound pain and emotional distress, anxiety,
5 depression, tension, and other physical ailments, as well as medical expenses, expenses for
6 psychological counseling and treatment, and past and future lost wages and benefits.

7      46.    As a result of the above, MR. MARTINEZ is entitled to past and future lost wages,
8 bonuses, commissions, benefits and loss or diminution of earning capacity.

9      47.    MR. MARTINEZ claims general damages for emotional and mental distress and
10 aggravation in a sum in excess of the jurisdictional minimum of this Court.

11      48.    Because the acts taken toward MR. MARTINEZ were carried out by officers, directors
12 and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious
13 disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR.
14 MARTINEZ requests that punitive damages be levied against Defendants and each of them, in sums
15 in excess of the jurisdictional minimum of this Court.

16      49.    The foregoing conduct of Defendants individually, or by and through their officers,
17 directors and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ
18 or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
19 rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious
20 disregard of his rights such as to constitute malice, oppression, or fraud under Civil Code §3294,
21 thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make
22 an example of Defendants.

23      50.    Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable
24 award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

25 ///
26 ///
27 ///
28 ///

-9-

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

51.     MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

52.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

53.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in MR. MARTINEZ's damage as stated below.

54.     As a result of Defendants actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

55.     As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

56.     MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

57.     Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

58.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ

-10-

1  or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

2  rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious

3  disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil

4  Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to

5  punish or make an example of Defendants.

6      59.    Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable

7  award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

8

9                    **FOURTH CAUSE OF ACTION**

10          **FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

11              **IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.**

12                    **AGAINST ALL DEFENDANTS**

13      60.    MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs,

14  inclusive, as though set forth in full herein.

15      61.    At all times hereto, the FEHA, including in particular Government Code §12940(m),

16  was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing

17  duty on Defendants to make reasonable accommodation for the known physical disability and/or

18  medical condition of an employee.

19      62.    At all relevant times, MR. MARTINEZ was a member of a protected class within the

20  meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. MARTINEZ

21  had a disability, a physical condition that affected MR. MARTINEZ's major life activities, and medical

22  condition of which Defendants had both actual and constructive knowledge.

23      63.    At all times herein, MR. MARTINEZ was willing and able to perform the duties and

24  functions of the position in which MR. MARTINEZ was employed, or could have performed the duties

25  and functions of that position with reasonable accommodations.  At no time would the performance of

26  the functions of the employment position, with a reasonable accommodation for MR. MARTINEZ's

27  disability or medical condition, actual or as it was perceived by Defendants, have been a danger to MR.

28  MARTINEZ's or any other person's health or safety.  Accommodation of MR. MARTINEZ's disability

1  or disability or medical condition, real or perceived by Defendants, would not have imposed an undue
2  hardship on Defendants. Defendants failed and refused to accommodate MR. MARTINEZ's disability,
3  failed to engage in the interactive process with MR. MARTINEZ and continue to violate this
4  obligation, up to and including the date of MR. MARTINEZ's termination or, if Defendant contends
5  MR. MARTINEZ was never terminated, through the present and ongoing.

6     64.   The above said acts of Defendants constitute violations of the FEHA, and were a
7  proximate cause in MR. MARTINEZ's damage as stated below.

8     65.   As a result of Employers' actions, MR. MARTINEZ has suffered and will continue to
9  suffer general and special damages, including severe and profound pain and emotional distress, anxiety,
10 depression, tension, and other physical ailments, as well as medical expenses, expenses for
11 psychological counseling and treatment, and past and future lost wages and benefits.

12    66.   As a result of the above, MR. MARTINEZ is entitled to past and future lost wages,
13 bonuses, commissions, benefits and loss or diminution of earning capacity.

14    67.   MR. MARTINEZ claims general damages for emotional and mental distress and
15 aggravation in a sum in excess of the jurisdictional minimum of this Court.

16    68.   Because the acts taken toward MR. MARTINEZ were carried out by officers, directors
17 and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious
18 disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR.
19 MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in
20 excess of the jurisdictional minimum of this Court.

21    69.   The foregoing conduct of Defendants individually, and/or by and through their officers,
22 directors, and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ
23 or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
24 rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious
25 disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil
26 Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to
27 punish or make an example of Defendants.

28 ///

70.     Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

71.     MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

72.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

73.     At all relevant times, MR. MARTINEZ was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. MARTINEZ had a physical disability that affected MR. MARTINEZ's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

74.     MR. MARTINEZ reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with MR. MARTINEZ, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with MR. MARTINEZ, Defendants failed and refused to have any dialogue with MR. MARTINEZ whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of MR. MARTINEZ's termination or, if Defendant contends MR. MARTINEZ was never terminated, through the present and ongoing.

///

-13-
COMPLAINT FOR DAMAGES

75. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in MR. MARTINEZ's damage as stated below.

76. As a result of Employers' actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

77. As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

78. MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

79. Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

80. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

81. Pursuant to Government Code §12965(b), MR. MARTINEZ requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

///

///

### SIXTH CAUSE OF ACTION

### FOR WRONGFUL TERMINATION

### IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

### AGAINST ALL DEFENDANTS

82.    MR. MARTINEZ re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

83.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

84.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

85.    MR. MARTINEZ believes and thereon alleges that MR. MARTINEZ's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

86.    Such discrimination and retaliation, resulting in the wrongful termination of MR. MARTINEZ's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, MR. MARTINEZ's complaining of harassment and discrimination due to these protected classes, MR. MARTINEZ's engagement in protected activity, and/or some combination of these factors, were a proximate cause in MR. MARTINEZ's damages as stated below.

87.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against MR. MARTINEZ and terminating MR. MARTINEZ's employment in retaliation for exercise of protected rights.

///

88.   As a result of Employers' actions, MR. MARTINEZ has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

89.   As a result of the above, MR. MARTINEZ is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

90.   MR. MARTINEZ claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

91.   Because the acts taken toward MR. MARTINEZ were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of MR. MARTINEZ's rights and in order to injury and damage MR. MARTINEZ, MR. MARTINEZ requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

92.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the MR. MARTINEZ or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of MR. MARTINEZ or subjected MR. MARTINEZ to cruel and unjust hardship in conscious disregard of MR. MARTINEZ's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. MARTINEZ to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, MR. MARTINEZ seeks judgment against Defendants and each of them, in an amount according to proof.

1.   For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring MR. MARTINEZ to MR. MARTINEZ's former position with Defendants;

4.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

5.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

6.     For post-judgment interest; and

7.     For any other relief that is just and proper.

DATED: December 30, 2019          **THE DOMINGUEZ FIRM, LLP**

By: _____
           Jace H. Kim, Esq.
           Carlos Andres Perez, Esq.
           Matias N. Castro, Esq.
           Attorneys for Plaintiff
           JOSE MARTINEZ

### JURY TRIAL DEMANDED

MR. MARTINEZ demands trial of all issues by jury.

DATED: December 30, 2019          **THE DOMINGUEZ FIRM, LLP**

By: _____
           Jace H. Kim, Esq.
           Carlos Andres Perez, Esq.
           Matias N. Castro, Esq.
           Attorneys for Plaintiff
           JOSE MARTINEZ

COMPLAINT FOR DAMAGES

Electronically Filed by Superior Court of California, County of Orange, 12/30/2019 06:18:57 PM.
DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk. 30-2019-01121035-CU-WT-CJC ROA # 4

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jace H. Kim, Esq. (SBN 282039) Carlos Andres Perez, Esq. (SBN 285645)<br>Matias N. Castro, Esq. (SBN 308498)<br>THE DOMINGUEZ FIRM, LLP<br>3250 Wilshire Blvd. Ste. 1200, Los Angeles, CA 90010<br>TELEPHONE NO.: (213)381-4011    FAX NO.: (213)201-8212<br>ATTORNEY FOR *(Name):* Plaintiff, JOSE MARTINEZ | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: 700 W. Civic Center Dr.
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
MARTINEZ v. AIRPORT TERMINAL SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2019-01121035-CU-WT-CJC |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Martha K. Gooding<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [✓] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation**
   **(Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties         d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/30/2019
Jace H. Kim
(TYPE OR PRINT NAME)                                      ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std  3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR
Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an
ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and
descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any
applicable local court rules and directions for contacting any court staff responsible for
providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the
Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA.
This information may take the form of a list of the applicable programs or directions for
contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper
copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along
with the complaint. Cross-complainants must serve a copy of the ADR Information Package on
any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                                    Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:                            Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
                ☐ Under section 1141.11 of the Code of Civil Procedure
                ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____
           _____     _____
           (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____
           _____     _____
           (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. July 2014)

California Rules of Court, rule 3.221

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: JOSE MARTINEZ | |
| DEFENDANT: AIRPORT TERMINAL SERVICES, INC. | **Jan 6, 2020** |
| Short Title: MARTINEZ VS. AIRPORT TERMINAL SERVICES, INC. | Clerk of the Superior Court<br>By  Deanna Parsons, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2019-01121035-CU-WT-CJC |

Please take notice that a(n),Case Management Conference has been scheduled for hearing on 04/27/2020 at  09:00:00 AM in Department C32 of this court, located at Central Justice Center.

Clerk of the Court,  By: _____  , Deputy