Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Carlos Bacio, CA Bar No. 328466
carlos.bacio@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant Airport Terminal Services, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE – CIVIC CENTER**

| | |
|---|---|
| JOSE MARTINEZ, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 30-2019-01121035-CU-WT-CJC<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Martha K. Gooding, Dept. C32]<br><br>Action Filed:       December 30, 2019<br>Trial Date:         None Set |

41944686_1.docx

1
DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT

Defendant Airport Terminal Services, Inc. ("Defendant") hereby answer the unverified Complaint ("Complaint") filed by Plaintiff Jose Martinez ("Plaintiff"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Additionally, without admitting that they carry the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admission and denials herein, based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

2. Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

/ / /

/ / /

41944686_1.docx

## THIRD AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

3. The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

**(Allocation of Damages)**

4. If Defendant is responsible to Plaintiff, which responsibility is expressly denied, Defendant shall be liable to Plaintiff only for the amount of non-economic damages allocated to Defendant in direct proportion to Defendant's percentage of fault, if any.

## FIFTH AFFIRMATIVE DEFENSE

**(Alternative Causation)**

5. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of alternative causation.

## SIXTH AFFIRMATIVE DEFENSE

**(Apportionment of Responsibility)**

6. The Complaint, and each and every cause of action alleged therein, is barred by the negligence of a third-party.

## SEVENTH AFFIRMATIVE DEFENSE

**(Appropriate Remedial Action Taken by Employer)**

7. The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation.

## EIGHTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

8. The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

///

///

## NINTH AFFIRMATIVE DEFENSE

**(Bona Fide Occupational Qualification)**

9. Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

## TENTH AFFIRMATIVE DEFENSE

**(Business Necessity)**

10. Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Employer Lacked Knowledge)**

11. The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

## TWELFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

12. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

13. This Court lacks jurisdiction over the Complaint and all claims alleged therein because Plaintiff failed to timely and/or properly exhaust administrative remedies as required by applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

14. Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

15. The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

16. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

17. Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

18. The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

19. Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

/ / /

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

20.     Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

21.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

22.     The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; and Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

23.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

24.     The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

25.     The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

///

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

26. Defendant is entitled to an off-set under the doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Same Decision / Mixed Motive)

27. Plaintiff's claims for discrimination on the basis of disability, discrimination on the basis of sex and/or gender, retaliation for opposing practices forbidden by FEHA, and wrongful termination in violation of public policy, are barred, in whole or in part, because even if Plaintiff could prove that her protected conduct or protected classification was a substantial factor motivating the challenged employment actions, the same employment actions would have been taken based on other legitimate considerations.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;
3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: February 28, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Mark F. Lovell
Carlos Bacio

Attorneys for Defendant Airport Terminal Services, Inc.

41944686_1.docx

**PROOF OF SERVICE**
*Jose Martinez v. Airport Terminal Services, Inc., et al.*
Case No. 30-2019-01121035-CU-WT-CJC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On February 28, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

41944686_1.docx

8
DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF JOSE MARTINEZ' UNVERIFIED COMPLAINT

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2020, at Costa Mesa, California.

*/s/ Lisa Sles*

Lisa Sles

41944686_1.docx

**SERVICE LIST**

| | |
|---|---|
| Jace H. Kim, Esq.<br>Carlos Andres Perez, Esq.<br>Matias N. Castro, Esq.<br>THE DOMINGUEZ FIRM, LLP<br>3250 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>Telephone:   213-381-4011<br>Facsimile:    213-201-8212 | Attorneys for Plaintiff<br>Jose Martinez |

41944686.1