Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Carlos Bacio CA Bar No. 328466
carlos.bacio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
Airport Terminal Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSE MARTINEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 8:20-cv-00426-DOC-DFMx<br><br>**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN**<br><br>State Court<br>Action Filed:　December 30, 2019<br>Trial Date:　　None Set<br>District Judge:　Hon. David O. Carter<br>Magistrate Judge:Douglas F. McCormick |

[1983414] Martinez - Joint Rule 26(f)

**JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Central District's Local Rules and this Court's Order Setting Scheduling Conference, PLAINTIFF JOSE MARTINEZ ("Plaintiff"), on the one hand, and DEFENDANT AIRPORT TERMINAL SERVICES, INC ("Defendant"), on the other hand, (hereinafter referred to collectively as the "Parties"), submit this Joint Rule 26(f) Report:

## I. FACTUAL SUMMARY OF THE CASE

Plaintiff claims he suffered discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, failure to engage in a good faith interactive process, and wrongful termination while an employee at Defendant.

Defendant denies that it engaged in any unlawful activity. Rather, Defendant maintains that it properly engaged in an interactive process with Plaintiff and properly accommodated Plaintiff's restrictions. With respect to Plaintiff's separation, Defendant maintains that its actions were legitimate, non-discriminatory and non-retaliatory.

## II. PRINCIPAL ISSUES IN THE CASE

1. Whether Plaintiff was a "qualified" individual within the meaning under FEHA (Cal. Gov. Code § 12940(a)(1));

2. Whether Defendant explored and/or offered reasonable accommodation of Plaintiff's medical condition;

3. Whether Plaintiff engaged in the interactive process with Defendant;

4. Whether Plaintiff was discriminated against, harassed, and/or retaliated against by Defendant on the basis of his medical condition/disability; and

5. Nature, scope, and extent of Plaintiff's damages.

### III. ADDITIONAL PARTIES (L.R. 26-1(e) AND AMENDED PLEADINGS

The Parties anticipate no additional parties to the litigation at this time. The Parties also do not anticipate any amendments to the pleadings.

### IV. LAW AND MOTION MATTERS (L.R. 26-1(b))

Defendant anticipates the following issues may be determined by a Motion for Summary Judgment.

- Did Plaintiff suffer from a qualified disability;
- Did Defendant terminate Plaintiff because of his alleged disability or for legitimate, non-discriminatory and non-retaliatory reasons;
- Did Defendant terminate Plaintiff because of any protected activity related to his alleged disability or for legitimate, non-discriminatory and non-retaliatory reasons;
- Did Defendant engage in the interactive process;
- Did Defendant meet its accommodation obligations related to Plaintiff; and
- Are punitive damages available.

Should Defendant not succeed in obtaining dismissal on each of Plaintiff's claims, it will also move to bifurcate punitive damages from the case in chief.

### V. SETTLEMENT AND ADR SELECTION (L.R. 26-1(c))

No formal settlement discussions have taken place to date. The Parties propose that settlement procedures be conducted pursuant to ADR Procedure No. 3 (private mediation). The Parties agree that mediation shall take place by not later than the deadline for close of non-expert discovery.

### VI. DISCOVERY PLAN

**A. Initial Disclosures:**

The Parties agree that no changes should be made in the form or requirement for disclosures under Rule 26(a). The Parties agree to exchange Initial Disclosures on May 1, 2020.

B. **Anticipated Subjects of Discovery:**

The Parties anticipate Discovery regarding the following issues:

- Plaintiff's alleged disability;
- Plaintiff's alleged medical restrictions;
- Plaintiff's efforts to request accommodations;
- Defendant's efforts to accommodate Plaintiff;
- Plaintiff's separation;
- Plaintiff's Medical Leave;
- Plaintiff's alleged damages;
- Plaintiff's efforts to mitigate his alleged damages;
- Defendant's policies and procedures related to accommodation.

The Parties agree that discovery should not be conducted in phases. However, the parties have agreed to first exchange written discovery and then assess if mediation can take place prior to the time and expense of depositions.

C. **Electronically Stored Information:**

The Parties do not believe that there will be any electronic discovery issues, or issues related to privileged materials. If any issues arise, the Parties will attempt to meet and confer regarding any such issues and reach an informal resolution.

D. **Privilege:**

The Parties do not currently anticipate any issues related to privilege. Depending on the discovery sought, Defendant may require a protective order before producing or disclosing confidential or proprietary information and the Parties agree to work together regarding any such protective order.

E. **Changes to Discovery Procedures:**

The Parties agree that no changes should be made in the limitations on discovery imposed under applicable rules.

### F. Other Orders:

The Parties do not propose any additional orders under Rule 26(c) or 16(b) or (c) for the Court to consider. Further, the Parties reserve their rights to propose orders as deemed necessary in the course of litigation.

## VII. TRIAL

The Parties estimate a 5-7 day trial. Plaintiff requests a jury trial.

## VIII. PROPOSED DATES

### A. Discovery Cut-Off Date:

The Parties propose a non-expert discovery cut-off of **April 16, 2021.**

### B. Final Motion Cut-Off Date:

The Parties propose a final motion cut-off of **May 10, 2021.**

### C. Final Pretrial Conference:

The Parties propose the Final Pretrial Conference be held on **June 7, 2021.**

### D. Trial:

The Parties propose the Trial be held on **June 29, 2021.**

## IX. COMPLEXITY

The Parties agree the matter is not complex and none of the procedures of the Manual for Complex Litigation apply in this matter.

## X. EXPERT DISCOVERY

The Parties do not propose any changes to expert discovery as set forth in F.R. Civ.P 26(a)(2).

DATED: April 27, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Carlos Bacio
　　Mark F. Lovell
　　Carlos Bacio
　　Attorneys for Defendant
　　Airport Terminal Services, Inc.

DATED: April 27, 2020              THE DOMINGUEZ FIRM, LLP


                                   By: /s/ Jace H. Kim
                                       Jace H. Kim
                                       Carlos Andres Perez
                                       Matias N. Castro
                                       Attorneys for Plaintiff
                                       Jose Martinez

# PROOF OF SERVICE
*Jose Martinez v. Airport Terminal Services, Inc.*
Case No. 8:20-cv-00426-DOC-DFMx

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On April 27, 2020, I served the following document(s):

**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

   ☐   the written confirmation of counsel in this action:

   ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

41944348_1.docx

1                 Case No. 8:20-cv-00426-DOC-DFMx
PROOF OF SERVICE

☐     [Federal Court] the written confirmation of counsel in this action and order of the court:

☒     **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒     **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 27, 2020, at Costa Mesa, California.

*/s/ Lisa Sles*

Lisa Sles

# SERVICE LIST

Jace H. Kim, Esq.  　　　　　　　　Attorneys for Plaintiff
Carlos Andres Perez, Esq.  　　　　　Jose Martinez
Matias N. Castro, Esq.
THE DOMINGUEZ FIRM, LLP
3250 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone:  213-381-4011
Facsimile:   213-201-8212

41944348.1