Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Carlos Bacio CA Bar No. 328466
carlos.bacio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Airport Terminal Services, Inc.

Jace H. Kim, Esq. (SBN 282039)
Carlos Andres Perez, Esq. (SBN 285645)
Matias N. Castro, Esq. (SBN 308498)
**THE DOMINGUEZ FIRM, LLP**
3250 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (213) 381-4011
Facsimile: (213) 201-8212

Attorneys for Plaintiff,
JOSE MARTINEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSE MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:20-cv-00426-DOC-DFMx<br><br>**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN**<br><br>State Court<br>Action Filed: December 30, 2019<br>Trial Date: None Set<br>District Judge: Hon. David O. Carter<br>Magistrate Judge: Douglas F. McCormick |

**JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Central District's Local Rules and this Court's Order Setting Scheduling Conference, PLAINTIFF JOSE MARTINEZ ("Plaintiff"), on the one hand, and DEFENDANT AIRPORT TERMINAL SERVICES, INC ("Defendant"), on the other hand, (hereinafter referred to collectively as the "Parties"), submit this Joint Rule 26(f) Report:

## I. FACTUAL SUMMARY OF THE CASE

Plaintiff claims he suffered discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, failure to engage in a good faith interactive process, and wrongful termination while an employee at Defendant.

He began working for Defendant Airport Terminal Services, Inc. in April 2002 as a ramp agent; his job duties primarily had to do with the loading and unloading of luggage onto aircraft at John Wayne Airport in Irvine, California. He was injured on or around October 3, 2017 when he, while driving a cart, was crashed from behind by another co-worker driving a cart. His injuries were to his neck, back, and lower back.

Primarily to protect his cervical and lumbar spine he was issued work restrictions of preclusion of repetitive climbing or bending, and no lifting, pushing, or pulling greater than 10 pounds by Ronald E. Glousman, M.D., an orthopaedic surgeon at Sports Medicine & Arthroscopic Surgery. These restrictions were in place between his injury on October 2017 and his termination in December 2018.

Defendant accommodated these restrictions for over a year, between his injury on October 2017 and to his termination in December 2018, and provided him with modified work duties within the scope of the medical work restrictions. Despite this long period of accommodation, he was terminated on December 2018, by his manager Steve Halbridge, without a final good faith interactive process to determine reasonable accommodations.

Because his reasonable accommodations had been in place for over a year, Plaintiff alleges disability discrimination, retaliation, failure to prevent discrimination and retaliation, and wrongful termination due to the fact that his reasonable accommodations were suddenly rescinded and he was terminated, presumably because he required reasonable accommodations.

Plaintiff alleges failure to provide reasonable accommodations and failure to engage in a good faith interactive process both because these accommodations which had been provided for over a year were suddenly rescinded and because Defendant did not engage in one final good faith interactive process to determine he could continue in the role permanently with reasonable accommodations.

Defendant denies that it engaged in any unlawful activity. Rather, Defendant maintains that it properly engaged in an interactive process with Plaintiff for his underlying injuries he sustained in or around October 2017, and subsequent work restrictions. Defendant made temporary accommodations for Plaintiff by assigning him with temporary, light duty assignments that were never meant to be and never were a permanent position. Such a permanent position did not exist and Defendant had no obligation to create such a position.

Plaintiff ultimately reached his Maximum Medical Improvement in or around December 2018, which rendered him unable to perform the essential functions of his position, with or without a reasonable accommodation. Specifically, Plaintiff's permanent restrictions precluded him from lifting, pushing, or pulling of no greater than 10 pounds and no repetitive climbing or bending. Plaintiff's position as an Airplane Loader required him to lift, push and pull items, including baggage, well in excess of 10 pounds. It further required repetitive climbing and bending. Defendant did not have any alternate positions that would have allowed Plaintiff to work, with our without reasonable accommodations. Plaintiff's inability to perform the essential functions of his position, with or without an accommodation, caused his separation of

employment. Accordingly, Defendant maintains that its actions were legitimate, non-discriminatory and non-retaliatory.

## II. PRINCIPAL ISSUES IN THE CASE

1. Whether Plaintiff was a "qualified" individual within the meaning under FEHA (Cal. Gov. Code § 12940(a)(1));

2. Whether Defendant explored and/or offered reasonable accommodation of Plaintiff's medical condition;

3. Whether Plaintiff engaged in the interactive process with Defendant;

4. Whether Plaintiff was discriminated against, harassed, and/or retaliated against by Defendant on the basis of his medical condition/disability; and

5. Nature, scope, and extent of Plaintiff's damages.

## III. ADDITIONAL PARTIES (L.R. 26-1(e) AND AMENDED PLEADINGS

The Parties anticipate no additional parties to the litigation at this time. The Parties also do not anticipate any amendments to the pleadings.

## IV. LAW AND MOTION MATTERS (L.R. 26-1(b))

Defendant anticipates the following issues may be determined by a Motion for Summary Judgment.

• Did Plaintiff suffer from a qualified disability;

• Did Defendant terminate Plaintiff because of his alleged disability or for legitimate, non-discriminatory and non-retaliatory reasons;

• Did Defendant terminate Plaintiff because of any protected activity related to his alleged disability or for legitimate, non-discriminatory and non-retaliatory reasons;

• Did Defendant engage in the interactive process;

• Did Defendant meet its accommodation obligations related to Plaintiff; and

• Are punitive damages available.

Should Defendant not succeed in obtaining dismissal on each of Plaintiff's claims, it will also move to bifurcate punitive damages from the case in chief.

## V. SETTLEMENT AND ADR SELECTION (L.R. 26-1(c))

No formal settlement discussions have taken place to date. The Parties propose that settlement procedures be conducted pursuant to ADR Procedure No. 3 (private mediation). The Parties agree that mediation shall take place by not later than the deadline for close of non-expert discovery.

## VI. DISCOVERY PLAN

### A. Initial Disclosures:

The Parties agree that no changes should be made in the form or requirement for disclosures under Rule 26(a). The Parties agree to exchange Initial Disclosures on May 1, 2020.

### B. Anticipated Subjects of Discovery:

The Parties anticipate Discovery regarding the following issues:

- Plaintiff's alleged disability;
- Plaintiff's alleged medical restrictions;
- Plaintiff's efforts to request accommodations;
- Defendant's efforts to accommodate Plaintiff;
- Plaintiff's separation;
- Plaintiff's Medical Leave;
- Plaintiff's alleged damages;
- Plaintiff's efforts to mitigate his alleged damages;
- Defendant's policies and procedures related to accommodation.

The Parties agree that discovery should not be conducted in phases. However, the parties have agreed to first exchange written discovery and then assess if mediation can take place prior to the time and expense of depositions.

///

///

### C. Electronically Stored Information:

The Parties do not believe that there will be any electronic discovery issues, or issues related to privileged materials. If any issues arise, the Parties will attempt to meet and confer regarding any such issues and reach an informal resolution.

### D. Privilege:

The Parties do not currently anticipate any issues related to privilege. Depending on the discovery sought, Defendant may require a protective order before producing or disclosing confidential or proprietary information and the Parties agree to work together regarding any such protective order.

### E. Changes to Discovery Procedures:

The Parties agree that no changes should be made in the limitations on discovery imposed under applicable rules.

### F. Other Orders:

The Parties do not propose any additional orders under Rule 26(c) or 16(b) or (c) for the Court to consider. Further, the Parties reserve their rights to propose orders as deemed necessary in the course of litigation.

## VII. TRIAL

The Parties estimate a 5-7 day trial. Plaintiff requests a jury trial.

## VIII. PROPOSED DATES

### A. Discovery Cut-Off Date:

The Parties propose a non-expert discovery cut-off of **April 16, 2021.**

### B. Final Motion Cut-Off Date:

The Parties propose a final motion cut-off of **May 10, 2021.**

### C. Final Pretrial Conference:

The Parties propose the Final Pretrial Conference be held on **June 7, 2021.**

### D. Trial:

The Parties propose the Trial be held on **June 29, 2021.**

## IX. COMPLEXITY

The Parties agree the matter is not complex and none of the procedures of the Manual for Complex Litigation apply in this matter.

## X. EXPERT DISCOVERY

The Parties do not propose any changes to expert discovery as set forth in F.R. Civ.P 26(a)(2).

DATED: May 6, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Mark F. Lovell
Mark F. Lovell
Carlos Bacio
Attorneys for Defendant
Airport Terminal Services, Inc.


DATED: May 6, 2020                THE DOMINGUEZ FIRM, LLP


By: /s/ Jace H. Kim
Jace H. Kim
Carlos Andres Perez
Matias N. Castro
Attorneys for Plaintiff
Jose Martinez

[1998047] [draft] Joint Rule 26(f)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3250 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010.

On May 1, 2020, I served the foregoing document described as **JOINT RULE 26(F) REPORT AND DISCOVERY PLAN** on the interested parties in this action as follows:

☒    By placing true copies enclosed in a sealed envelope addressed to each addressee as follows:

| | |
|---|---|
| Mark F. Lovell, Esq.<br>Carlos Bacio, Esq.<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>Park Town, Fifteenth Floor<br>695 Town Center Drive<br>Costa Mesa, CA 92626<br>Email: mark.lovell@ogletree.com<br>Email: carlos.bacio@ogletree.com | *Attorney for Defendant*<br>*AIRPORT TERMINAL*<br>*SERVICES, INC.* |

☐    BY MAIL: I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at our business address in Los Angeles, California. Each of the above envelopes was sealed and placed for collection and mailing on that date following ordinary business practices.

☒    BY CM/ECF: With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on May 1, 2020, at Los Angeles, California.

☒    FEDERAL   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Amanda M. Headworth                    /s/ Amanda M. Headworth

[1998047] [draft]
Joint Rule 26(f)