UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## AMENDED CIVIL MINUTES – GENERAL

Case No. SA CV 20-00426-DOC (DFMx)        Date: August 25, 2020

Title: JOSE MARTINEZ V. AIRPORT TERMINAL SERVICES, INC., ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING CASE TO STATE COURT SUA SPONTE

On its own motion and having considered the Notice of Removal (Dkt. 1) the Court hereby REMANDS this case to the Superior Court of Orange County, California.

**I. Background**

    **A. Facts**

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 1-1). This action concerns Plaintiff Jose Martinez's ("Plaintiff") release from his employment with Defendant Airport Terminal Services, Inc. ("Defendant"). Compl. ¶ 11. Plaintiff filed suit against Defendant alleging exclusively state law claims: discrimination on the basis of disability, retaliation, failure to prevent discrimination and reliation, failure to provide reasonable accomodations, and failure to engage in a good faith interactive process in violation of California Government Code Section 12940 et. seq., as well as wrongful termination. *Id*. ¶¶ 21–92. Plaintiff seeks compensatory damages, punitive damages, costs and expenses, attorneys' fees, interest, and injunctive relief. *Id*. at 16–17.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 20-00426-DOC (DFMx) | Date: August 25, 2020 |
| | Page 2 |

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of Orange County, California. *See generally* Compl. (Dkt. 1-1). On March 2, 2020, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00426-DOC (DFMx)                                  Date: August 25, 2020

                                                                                                                                              Page 3

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Notice of Removal at 14. The Court disagrees.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 20-00426-DOC (DFMx) | Date: August 25, 2020 |
| | Page 4 |

Defendant concedes that at the time of removal, Plaintiff had incurred approximately $36,400 in lost wages and asks this Court to include in its compensatory damage calculation the additional wages that Plaintiff might lose between the date of filing and an unassigned future trial date, which it estimates would take place no earlier than December 2021. *Id.* at 7. However, it remains unclear whether and when a trial would take place, and thus, the additional damages that Defendant asks this Court to use in determining the amount in controversy remains wholly speculative and cannot be used to meet the jurisdictional threshold.

Further, while "attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy," this Court does not find the Defendant's estimates for attorneys' fees to be reasonable. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Neither Defendant's attorneys' fees calculation nor its reliance on any speculative civil penalties or emotional distress damages are sufficient to meet the $75,000 jurisdictional threshold. Notice of Removal at 7–14.

The Court thus finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, and it lacks diversity jurisdiction over this matter.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |

CIVIL-GEN